UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:24-cv-21906-LEIBOWITZ/AUGUSTIN-BIRCH

**HECTOR RAFAEL TINEO,**

    *Plaintiff*,

v.

**BJ'S WHOLESALE CLUB, INC.,**

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Hector Rafael Tineo's ("Plaintiff") Motion to Remand Back to State Court (the "Motion") [Mot., ECF No. 9], filed on August 5, 2024.  Defendant BJ's Wholesale Club, Inc. ("Defendant") removed this case from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida based on diversity jurisdiction.  [ECF No. 1].  Defendant responded to the Motion [Resp., ECF No. 20], and Plaintiff did not file a reply.  Upon due consideration and reviewing the parties' arguments, the record, and the relevant legal authorities, the Court has determined that Defendant properly removed this case and that this Court has subject-matter jurisdiction.  Accordingly, Plaintiff's Motion to Remand is DENIED.

## BACKGROUND

On February 22, 2024, Plaintiff filed the Complaint in Florida state court [Compl., ECF No. 20-2] alleging that an incident occurred on or about March 19, 2023, in which Plaintiff slipped and fell on grapes in the produce aisle of Defendant's store.  [*Id.* ¶ 4].  Plaintiff alleges that he sustained serious and permanent injuries from this incident.  [*Id.* ¶ 9].  These injuries include bodily harm, pain and suffering, temporary and likely permanent disability, disfigurement, loss of enjoyment of life, lost

earnings, diminished earning capacity, significant medical expenses, and an aggravation of an unspecified pre-existing condition. [*Id.*]. Plaintiff claims to have suffered, and will continue to suffer, all these damages in the future. [*Id.*].

Furthermore, Plaintiff has received a medical recommendation from iRISE Spine and Joint ("iRISE") for a decompressive laminectomy at levels L3-4 and L4-5, with stabilization at L4-5 and the potential for fusion, all attributed to the Plaintiff's injury. [ECF No. 20-1 at 1]. The estimated cost for these procedures ranges from $130,000 to $185,000. [*Id.* at 2].

Plaintiff brings one count of negligence against Defendant and asserts that Defendant had a duty to maintain the area in a safe condition for customers and breached this duty by failing to remove the grapes, failing to warn Plaintiff of the dangerous condition, and failing to properly monitor the area. [Compl. ¶ 8]. Plaintiff alleges that the total damages arising out of this dispute will exceed $50,000, exclusive of interest and costs, which is the jurisdictional threshold requirement to file a case in a Circuit court in Florida. [*Id.* ¶ 1]; *see* Fla. Stat. §§ 26.012(2)(a), 34.01(c).

On May 16, 2024, Defendant removed the case to this Court based on diversity jurisdiction. [*See* ECF No. 1]; 28 U.S.C. §1322(a). The parties do not dispute diversity of citizenship; rather, Plaintiff has moved to remand the case to state court, arguing that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not met because this matter does not clearly exceed the $75,000 threshold required for a federal court to find jurisdiction. [*See* Mot. at 4].

In response, Defendant argues that Plaintiff's representation of the amount in controversy is facially apparent from the Complaint due to the nature of the Plaintiffs alleged injuries, the extent of damages presented in the Complaint, and estimates of Plaintiff's possible medical procedures that could push the amount in controversy well above the threshold. [Resp. at 1–5]. Defendant has argued in the alternative that, if this Court remands the case, the Court should estop Plaintiff from recovering damages in excess of $75,000. [Resp. at 6].

**LEGAL STANDARD**

District courts have subject-matter jurisdiction over an action when the parties' domiciles are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Title 28, United States Code, Section 1441(a) permits a defendant to remove any case filed in state court that could have originally been heard by a federal district court. When a case is removed to federal court, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). A "district court must find 'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Hicks v. Progressive Express Ins. Co.*, No. 6:23-CV-1625-PGB-EJK, 2024 WL 49328, at *1 (M.D. Fla. Jan. 4, 2024) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Therefore, the removing party bears the burden of demonstrating that the amount-in-controversy requirement has been met. *See Kirkland,* 243 F.3d at 1281.

A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, a mere "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is plainly insufficient to meet the defendant's burden of proof." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

For this determination, courts may consider not only the Complaint, but also any supporting attachments including "affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000." *Pretka*, 608 F.3d at 755. Courts are not bound by a plaintiff's representations regarding their claim, nor must they assume the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Ultimately, courts have judicial discretion to "draw reasonable deductions and inferences from these documents, using 'judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional

requirements.'" *Jacobs v. Am. Fam. Connect Prop. & Cas. Co.*, No. 8:22-CV-0753-KKM-JSS, 2022 WL 2111501, at *1 (M.D. Fla. May 24, 2022) (quoting *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)). In other words, courts do not need to "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d. at 771.

## DISCUSSION

Plaintiff argues that Defendant has not met their burden to establish the amount in controversy to confer subject-matter jurisdiction to this Court because Plaintiff has not alleged a specific amount of damages in their Complaint. [Mot. at 3–4]. The Court disagrees and finds by a preponderance of the evidence that Plaintiff's damages will likely surpass the $75,000 threshold, conferring subject-matter jurisdiction to this Court under 28 U.S.C. § 1332(a).

Defendant has highlighted two key sources— Plaintiff's surgical recommendations from iRISE, and the face of the Complaint— that the Court can evaluate to determine whether the amount-in-controversy requirement has been satisfied.[1] [Resp. at 1–5]. The Court addresses both of these arguments in turn.

---

[1] The Court declines to remand and judicially estop Plaintiff from pursuing damages above $75,000, as requested in the alternative by Defendant. [*See* Resp. at 6]. While courts have applied judicial estoppel in similar cases, *see Mills v. Keystone Lines Corp.*, No. 1:07-CV-0407-JOF, 2007 WL 3479841 (N.D. Ga. Oct. 31, 2007) (judicially estopping a plaintiff from seeking more than $75,000 after arguing for remand based on a lower amount), this Court finds the reasoning of *Jacobs* persuasive. *See Jacobs*, 2022 WL 2111501 at *1. In *Jacobs*, the court declined to judicially estop a plaintiff from seeking damages above the threshold amount while remanding to state court, noting that § 1446(b) allows for successive removal if new facts arise, and that the state court is better suited to address judicial estoppel based on evolving circumstances, and in light of limited discovery and lack of subject-matter jurisdiction in federal court. *Id.* This approach promotes judicial efficiency while preserving a defendant's rights without prematurely limiting the plaintiff's claims during discovery.

### A. Plaintiff's Recommended Medical Procedures are Insufficient to Confer Jurisdiction.

The evidence related to the proposed surgical procedures is inadequate to establish subject-matter jurisdiction. Courts have consistently held that speculative damages, such as medical procedures that have not occurred and may never occur, should not be considered when determining the amount in controversy. *See Hicks*, 2024 WL 49328, at *6 (holding that the "cost of an uncertain prospective surgical procedure is too speculative for the Court's consideration at this juncture[.]"); *see also Pennington v. Covidien LP*, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *4 (M.D. Fla. Feb. 7, 2019) (holding that "a hypothetical future medical expense" is "too speculative to include in the Court's jurisdictional discussion."); *Salazar v. Fam. Dollar Stores of Fla., Inc.*, No. 8:17-CV-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017) ("[W]ithout any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor.").

Here, Defendant has provided the Court with records indicating that Plaintiff received a recommendation to undergo a significant surgical procedure. [ECF No. 20-1 at 1]. The surgeon recommended a decompressive laminectomy at L3-4 and L4-5 with stabilization at L4-5, and possible fusion, all related to Plaintiff's injury. [*Id.* at 2]. The estimated cost of the surgery, including surgeon, facility, anesthesia, and hardware fees, ranges between $130,000 and $185,000. [*Id.*]. However, the Plaintiff has not yet decided to undergo this procedure and may never do so. Therefore, if the Court were to use the estimates of this medical recommendation as a basis for establishing the amount in controversy, it would be engaging in a highly speculative analysis that the Eleventh Circuit has warned against. *See Pretka*, 608 F.3d. at 751 (holding that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, *not later*") (emphasis added); *see also Hicks*, 2024 WL 49328, at *6. As a result, this Court will not consider the costs presented in the medical recommendations as part of its subject-matter jurisdiction analysis.

5

### B. Plaintiff's Complaint is Sufficient on its Face to Meet the Amount-in-Controversy Threshold.

When a complaint does not explicitly plead an amount exceeding the statutory requirement, courts can evaluate the factual allegations and the nature of the damages sought to determine if the amount in controversy more likely than not exceeds the jurisdictional threshold. *See Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020); *see also Shaker v. Akima Glob. Servs., LLC,* No. 1:16-CV-20146, 2016 WL 4641627, at *2 (S.D. Fla. Sept. 7, 2016) (holding that the defendant met its burden to show the amount in controversy exceeded $75,000 based on the severe and permanent nature of the plaintiff's injuries where the complaint did not specify a particular damages amount). In determining the amount in controversy, district courts may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" to determine if it is facially apparent that the case qualifies for removal. *Hickerson*, 818 F. App'x at 883; *see Roe,* 613 F.3d at 1062 (noting that courts may rely on "judicial experience and common sense" to determine whether the amount-in-controversy requirement is satisfied).

"Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson*, 818 F. App'x. at 883; *see Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that allegations of bodily injuries along with "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" provide a sufficient basis to support subject-matter jurisdiction); *Shaker*, 2016 WL 4641627, at *2 (holding that injuries that are permanent or ongoing in nature, and which will cause the Plaintiff to continue experiencing losses and impairments in the future, reasonably lead to the common sense conclusion that the severity of the Plaintiff's injuries surpass $75,000.). However, where the injuries alleged are short-term, or minor, or if the pleadings provide no facts to support

6

removal, then removal "would be based on speculation and thus improper." *Hickerson*, 818 F. App'x. at 883.

Courts can consider both the nature of a plaintiff's injury and whether a plaintiff is "claiming an unspecified amount of damages and providing no details on the value of the claim." *Harris v. Bloomin' Brands, Inc.*, No. 1:18-CV-05078-ELR, 2019 WL 13214046, at *6 (N.D. Ga. Apr. 16, 2019). In *Harris*, the Plaintiff alleged serious and permanent injuries, including a lumbar disc herniation, ongoing medical expenses, future treatments like lumbar injections, and claims for lost wages, reduced earning capacity, and permanent impairment, but provided no clarity as to the total amount in controversy. *Id.* The court found that the plaintiff's allegations, including the severity of the injury sustained to her lower back, and claims that the damages would be ongoing, were enough to satisfy the amount in controversy, even though the plaintiff's complaint only identified $10,985.75 of damages. *Id.* (holding that "[w]hile the exact amount of damages may be unknown at this time, the Court finds that Plaintiff's allegations move her across the jurisdictional threshold."). The court also noted that when a plaintiff attempts to skillfully craft their pleadings in such a way as to "simply make federal jurisdiction disappear . . . . [t]he Court will not reward 'such obfuscating tactics.'" *Id.* (citations omitted) (quoting *Roe*, 613 F.3d at 1064).

Here, Plaintiff asserts that he "slipped and fell" on grapes while walking through an aisle in Defendant's store, resulting in "severe injuries." [Compl. ¶ 4, 9]. Plaintiff's alleged injuries include "serious and permanent personal injury in and about [the Plaintiff's] body and extremities" and damages "in excess of fifty thousand ($50,000.00) dollars." [*Id.* ¶ 1, 9]. The medical records provided to this Court indicate that at least part of Plaintiff's injuries relate to his lumbar spine area, likely comprising a serious injury. [ECF No. 20-1 at 1-2]. Plaintiff additionally claims a range of damages suffered, "including but not limited to" bodily injuries, pain and suffering, both temporary and permanent disability, disfigurement, loss of enjoyment of life, lost earnings, diminished earning

7

capacity, significant medical expenses, and aggravation of an unspecified pre-existing condition. [Compl. ¶ 9]. Plaintiff claims he has suffered and will continue to suffer all of these damages in the future. [*Id.*].

These damages are of the nature that courts have regularly held to be sufficient to meet the amount-in-controversy threshold. *See Eason v. Int'l Paper Co.*, No. 1:18-CV-05271-ELR, 2019 WL 13207584, at *5 (N.D. Ga. Apr. 10, 2019) (finding the amount-in-controversy requirement was satisfied where the plaintiff alleged permanent bodily injury, current and future medical expenses, pain and suffering, lost wages, and loss of consortium); *Johnson v. Blackburn*, No. 2:16-CV-989-KOB, 2016 WL 5816114, at *6 (N.D. Ala. Oct. 5, 2016) (holding that unspecified damages in a complaint can meet the jurisdictional minimum when the plaintiff alleges serious injuries, ongoing medical treatment, and inability to perform daily activities); *Gardner v. Mgmt. & Training Corp.*, 4:14CV284-RH/CAS, 2014 WL 3039335, at *2 (N.D. Fla. 2014); *Perkins v. Lonero-Deck,* No. 3:08-CV-00022-JTC, 2008 WL 11337994, at *1 (N.D. Ga. July 28, 2008); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989).

Upon reviewing the Plaintiff's Complaint and the parties' filings, the Court finds that Plaintiff's damages will likely exceed the jurisdictional threshold. Plaintiff has already conceded that damages will likely exceed $50,000, and this estimate, combined with the types of damages identified, lead this Court to believe that Plaintiff's damages likely surpass $75,000. Plaintiff's allegations of long-lasting and permanent injuries to their body and extremities (at a minimum to their lumbar spine), as well as present and future expenses such as medical expenses, lost wages and loss of earning capacity are the type of damages that the Eleventh Circuit has recognized as sufficient to meet the jurisdictional threshold, giving this Court subject-matter jurisdiction. *See Hickerson*, 818 F. App'x. at 883.

**CONCLUSION**

Based on the foregoing analysis, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand to State Court [**ECF No. 9**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 30, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record